**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TAMMY ALTOBELLO, GLENN CULOS, GEORGE PASCALE, ROBERT STINE, MATTHEW MORROW, CAMERON DEAN HETZEL, JR., EDWARD MASSARI, AND DAVID HAYES, <br><br> Plaintiffs, <br><br> v. <br><br> AECOM U.S. SEVERANCE PLAN, <br><br> Defendant. | Civil Action No.: <br><br><br> **COMPLAINT** |

The Plaintiffs, Tammy Altobello, Glenn Culos, George Pascale, Robert Stine, Cameron Dean Hetzel, Jr., Matthew Morrow, Edward Massari, and David Hayes (collectively, "Plaintiffs"), by way of Complaint against the Defendant AECOM U.S. Severance Plan ("AECOM"), alleges as follows:

## JURISDICTION AND VENUE

1. The Plaintiff, Tammy Altobello, is an individual who resides at 354 Evergreen Drive, Brick, New Jersey 08857, County of Ocean, State of New Jersey. Ms. Altobello was employed by the Defendant for approximately seventeen (17) years and eleven (11) months.

2. The Plaintiff, Glenn Culos, resides at 446 Shoreline Place, Brick, New Jersey, 08723. The Plaintiff, Glenn Culos, worked for the Defendant for approximately eighteen (18) years and nine (9) months.

1

3.    The Plaintiff, George Pascale, resides at 29 Hastings Road, Old Bridge, New Jersey, and worked for the Defendant for approximately seventeen (17) years and ten (10) months.

4.    The Plaintiff, Robert Stine, resides at 1306 Unami Avenue, Ocean, New Jersey, and worked for the Defendant for approximately eighteen (18) years and ten (10) months.

5.     The Plaintiff, Matthew Morrow, resides at 440 Averne Avenue, Ocean Gate, New Jersey, and worked for the Defendant for approximately one (1) year and eleven (11) months.

6.    The Plaintiff, Cameron Dean Hetzel, Jr. resides at 606 Chestnut Street, Lakehurst, New Jersey, and worked for the Defendant for approximately ten (10) years.

7.    The Plaintiff, Edward Massari, 54 Georgetown Boulevard, Barnegat, New Jersey worked for the Defendant for approximately twenty-three (23) years.

8.    The Plaintiff, David Hayes, residing at 7 Barre Drive, Howell, New Jersey worked for the Defendant for approximately twenty-three (23) years.

9.    The Defendant, AECOM is, upon information and belief, a Delaware Corporation, which does business in the State of New Jersey.

10.    This Court has subject-matter jurisdiction pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §1001, *et. seq.*, including 29 U.S.C. §1132(e).

11.    The Plaintiffs in this case were all employees of the Defendant.

12.    In August 2019, the Plaintiffs learned that the Defendant lost the government contract for work that was taking place at the NAES Lakehurst Navy Base in Lakehurst, New Jersey.

2

13. All the Plaintiffs were employed by AECOM and performing work under the contract that had been awarded to the Defendant.

14. While employed by the Defendant, the Plaintiffs were covered by Defendant's Severance Plan (the "Plan").

15. Upon information and belief, the Plan was effective on October 1, 2018 and thereafter, and provided severance benefits to eligible Regular Full-Time and Regular Part-Time U.S. employees of the Defendant.

16. The benefits provided under the Plan would be provided to employees whose employment was involuntarily terminated or changed to Part-Time Variable or Temporary status by the Defendant under severance-qualifying circumstances.

17. Upon information and belief, under the terms of the Plan, the Plaintiffs would have been entitled to one week of severance for every year of service up to a maximum severance benefit of 10 weeks of pay.

18. On or about Monday, September 9, 2019, the Plaintiffs and other employees at the Defendant while working for the Defendant received a Reduction in Force (RIF) notice from the Defendant stating that their last day of employment with the Defendant would be September 13, 2019.

19. The Plaintiffs who received this notice were advised that they were not entitled to the severance package although they aware of other similarly situated employees who received the notice and received severance benefits from the Defendant.

20. Since receiving the notice, none of the Plaintiffs have received any severance pay from the Defendant.

3

21. The Plaintiffs appealed the Defendant's baseless denial of benefits; appeals which were denied by the Defendant on or about October 23, 2020.

22. The Defendant serves as the Plan Administrator under the Plan.

23. Under the terms of the Plan, the Plaintiffs are entitled to receive the severance benefits promised to them by the Defendant.

## FACTS

24. The AECOM U.S. Severance Plan is an employee welfare benefit plan as described in ERISA. 29 U.S.C. §1002(2)(b).

25. The Plan was designed to protect employees of the Defendant who had provided years of dedicated service to the Defendant. The Plan was put in place for the benefit of the Defendant as an organization and intended to and inured to the benefit of its owners. Primarily, however, the Plan was for the benefits of the employees of Defendant.

26. The Plan is also administrated by the Defendant.

27. Upon information and belief, Plan benefits are paid directly from the general assets of the Defendant.

28. The Plaintiffs are entitled to benefits in accordance with the provisions of the Plan. The Defendant terminated the employment of the Plaintiffs as part of the aforementioned Reduction in Force, when the contract with the United States was ending.

29. The Plan provides significant monetary benefits to the Plaintiffs. It was designed to provide replacement income during a severance period, and provided that employees could receive up to 10 weeks of salary. After they were terminated, the Plaintiffs became entitled to the aforementioned severance benefits.

4

## FIRST COUNT

30.   The Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs as though more fully set forth herein.

31.   Plaintiffs allege that they were eligible for severance benefits under the terms of the Plan and that they were wrongfully denied benefits in violation of §502(a)(1)(B) ERISA; 29 U.S.C. §1132(a)(1)(B).

**WHEREFORE**, the Plaintiffs demand judgment against the Defendant for severance benefits, damages, actual and compensatory, injunctive relief, attorney's fees, interest, costs, and such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues so triable.

### CERTIFICATION PURSUANT TO L.Civ.R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Date:   April 1, 2021

By:   s/*Sean F. Byrnes*

SEAN F. BYRNES., ESQ.
**BYRNES, O'HERN & HEUGLE, LLC**
28 Leroy Place
Red Bank, New Jersey 07701
Attorneys for Plaintiffs
Phone:  732-219-7711
Fax:    732-219-7733
Email: sbyrnes@byrnesohern.com